IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY KENDALL, et al. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No.  CV 10-0089-S-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are (1) Plaintiff Wendi Michalk's Petition to Proceed in Forma Pauperis (Docket No. 1), (2) Plaintiffs Gary Kendall and Raymond Corbus's Petition to Proceed in Forma Pauperis (Docket No. 3), and (3) Plaintiffs' motion for temporary restraining order (Docket No.  11).  The Clerk of Court previously conditionally filed Plaintiffs' Complaint, subject to review by the Court to determine whether Plaintiffs are entitled to proceed in forma pauperis. After conducting the review mandated by 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiffs' Complaint should be dismissed without prejudice to Plaintiffs' filing individual actions.

**Memorandum Decision & Order - 1**

## ANALYSIS

A.   **Motion to Proceed In Forma Pauperis**

The Court may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets he possesses, and (2) that the person is unable to pay such fees or give security.  28 U.S.C.  1915(a)(1).   Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

B.   **Plaintiffs' Complaint**

Plaintiffs, proceeding pro se, seek to bring this case as a class action, alleging deprivation of their civil rights under color of law.  But none of the Plaintiffs is an attorney.  While each of them may appear in propria persona in his or her own behalf ( 28 U.S.C. § 1654), Plaintiffs have no authority to appear as an attorney for other persons in a class action.  *McShane v. U.S.,* 366 F.2d 286, 288

**Memorandum Decision & Order - 2**

(9th Cir. 1966). Also, Plaintiffs fail to meet the "adequate representation standard of Rule 23(a)(4). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." *Torrez v. Corrections Corp. of America,* CV 09-2298-PHX-MHM, 2010 WL 320486, *1 (D. Ariz. January 20, 2010) (*quoting Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983)). Plaintiffs therefore cannot prosecute the instant action as a class action. *Id. See also Welch v. Terhune,* 11 Fed.Appx. 747, 747(9th Cir. 2001)(citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Complaint is dismissed without prejudice to each Plaintiff filing a new action solely on his or her own behalf. In light of the dismissal, Plaintiffs' applications to proceed in forma pauperis are DENIED (Docket Nos. 1 & 3) as moot, and no fee is due.

IT IS FURTHER ORDERED that Plaintiffs' motion for a temporary restraining order (Docket No. 11) is DENIED as moot.



DATED: **June 18, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**